# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 19-20-CFC |
| | ) |
| JEREMY THOMPSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this **15th** day of **April 2025**, pending before the court in this criminal matter involving a Petition charging Jeremy Thompson ("Defendant") with violation of conditions of supervised release, is the United States of America's ("Government") motion for detention pending a revocation hearing.[1] Defendant opposes the Government's motion, raising a threshold challenge to the Magistrate Judge's authority to conduct a detention hearing pursuant to Federal Rules of Criminal Procedure 32.1(a)(6).

For the reasons set forth below, IT IS HEREBY ORDERED that the Government's motion is **GRANTED-IN-PART** to the extent the court is authorized pursuant to Rule 32.1(a)(6), to conduct a detention hearing. The court will enter a separate order promptly scheduling the detention hearing.

**1. Background.** On April 7, 2025, the Defendant made his initial appearance before the court on a Petition charging him with violations of the conditions of his supervised release. (D.I. 131) The five alleged violations include new criminal charges arising from Defendant's arrests

---

[1] The briefing associated with this motion can be found at D.I. 132, D.I. 133, D.I. 141, and D.I. 142.

on May 11 and July 17, 2024, positive drug tests, failure to participate in substance abuse and mental health treatment, and absconding. (D.I. 131 at 1–2)

    **2.** The Government moved for detention pursuant to Federal Rules of Criminal Procedure 32.1(a)(6) and 46(d), and 18 U.S.C. § 3143(a)(1), pending the Defendant's revocation hearing before Chief Judge Connolly, scheduled for April 22, 2025, at 2:30 PM. (D.I. 132; D.I. 137) Rule 32.1(a)(6) provides as follows: "The magistrate judge may release or detain the person under 18 U.S.C. §3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). The Government alleges that the Defendant cannot meet his burden of proving, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person in the community if released. (D.I. 132)

    **3.** The Defendant waived his preliminary hearing (D.I. 136) but filed a Memorandum in Opposition to the Government's motion. (D.I. 133) The Defendant relies upon a recent decision in *United States v. Mercado*, 2025 WL 297429 (D. Conn. Jan. 24, 2025), which held that neither Rule 32.1 nor 18 U.S.C. § 3143(a)(1), together or in isolation, provide statutory authority to detain individuals on supervised release prior to a finding that they have committed a violation of a condition of their supervised release.[2] *Mercado*, 2025 WL 297429, at *7. The *Mercado* court reasoned that under the Non-Detention Act, 18 U.S.C. § 4001(a), the district courts lack authority to detain an alleged offender pending a revocation hearing. *See id.*, at *7–8. The

---

[2] As of the date of this Order, the Government's appeal of *Mercado* remains pending in the Second Circuit Court of Appeals. *United States v. Mercado*, No. 25-206 (2d. Cir. 2025).

*Mercado* court found that treating supervised release violation sentences as part of the original sentence that included supervised release would raise constitutional double jeopardy concerns. *See id.* at *2–3.

4. The Government argues that, for decades, Rule 32.1(a)(6) has not been questioned and should be viewed as presumptively valid. (*Id.* at 2–4) In addition, the Government contends that the Non-Detention Act, 18 U.S.C. § 4001(a) is not a proper basis on which to undermine the court's authority with respect to detention decisions arising from supervised release violations. (D.I. 141 at 2) According to the Government, the Non-Detention Act arose in response to concerns about executive acts allowing for detention of individuals deemed likely to engage in espionage or sabotage during times of national emergency. (*Id.* at 3–4) Thus, its purpose is not aligned with detention decisions regarding violations of supervised release.

5. Moreover, the Government argues that 18 U.S.C. § 3583(e)(3) incorporates by reference Rule 32.1(a)(6). (D.I. 141 at 4–5) Therefore, the court is authorized to revoke a term of supervised release and incarcerate a defendant offender for all or a part of the supervised release term. Such a result is consistent with 18 U.S.C. §§3583(a) and (e) which establishes that a supervised release order is part of the sentence imposed following a conviction and there are consequences for violation of the release conditions ordered as part of that sentence. (*Id.* at 6–7)

6. The Government further points out that an illogical result would occur if the Defendant's interpretation of the Rule was adopted. (*Id.* at 9–10) That is, the court would not only lack authority under Rule 32.1(a)(6) to detain the Defendant for a violation but would also lack authority to release him, it "would deprive [defendant] of the only avenue available to obtain release before his revocation hearing." (*Id.* at 8 (quoting *United States v. Richardson*,

3

2025 WL 998884, at *2 (E.D.N.C. Mar. 11, 2025)). Finally, the Government points to the court's inherent authority to detain an individual who has violated a court order. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

**7. Analysis.** The issue of whether a defendant who is alleged to have violated his conditions of supervised release may be detained pending a revocation hearing has not been addressed by the Third Circuit. The court finds persuasive the reasoning of the court in *United States v. Taylor*, No. 11-CR-290-A, 2025 WL 1076826 (W.D.N.Y. Apr. 10, 2025) which it follows in resolving the pending motion.[3]

**8.** In *Taylor*, the District Judge rejected the Decision and Order of the Magistrate Judge who relied largely upon *Mercado* in his decision to release the defendant. *See United States v. Taylor*, No. 1:11-cr-290-RJA-HKS, 2025 WL 914064 (W.D.N.Y. Mar. 26, 2025) *overruled by*, 2025 WL 1076826 (W.D.N.Y. Apr. 10, 2025). After a thorough analysis of all the bases on

---

[3] The courts addressing this issue have diverged on whether to follow the ruling in *Mercado*. The reasoning in *Mercado* was followed in three opinions issued by the same Magistrate Judge in the Western District of New York. Those opinions, *United States v. Taylor*, No. 1:11-cr-290-RJA-HKS, 2025 WL 914064 (W.D.N.Y. Mar. 26, 2025); *United States v. Clark*, No. 1:17-CR-0043-LJV-JJM, 2025 WL 875458 (W.D.N.Y. Mar. 21, 2025); *United States v. Wade*, No. 1:09-CR-260-WMS-JJM, 2025 WL 786383 (W.D.N.Y. Mar. 12, 2025), were either explicitly or implicitly overturned by the District Judge in *United States v. Taylor*, No. 11-CR-290-A, 2025 WL 1076826 (W.D.N.Y. Apr. 10, 2025). Other courts have upheld the district court's authority to detain a supervised release offender pending the revocation hearing. *See United States v. Phillips*, No. 21-030-JLR, 2025 WL 484706 (W.D. Wash. Feb. 13, 2025); *see also United States v. Malta*, No. 6:09-CR-6018-MAV (W.D.N.Y. Feb. 18, 2025); *see also United States v. Richardson*, No. 5:20-CR-00158-BO, 2025 WL 998884 (E.D.N.C. Mar. 11, 2025); *see also United States v. Ceasar*, No. 17-CR-48, 2025 WL 974547 (E.D.N.Y. Apr. 1, 2025); *see also United States v. DeShaw*, No. CR 21-30-BU-DLC, 2025 WL 1024315 (D. Mont. Apr. 7, 2025); *see also United States v. Stubbs*, 2025 WL 1094293 (W.D.N.Y. Apr. 11, 2025).

which he disagreed with the ruling in *Mercado*, the District Judge ordered the defendant detained.[4] *Taylor*, 2025 WL 1076826, at *10 (W.D.N.Y. Apr. 10, 2025).

**9.** In pertinent part, the *Taylor* court ruled as follows: (1) Section 3143(a)(1) — an Act of Congress as that term is used in the Non-Detention Act — does provide the authority necessary to detain individuals pending a revocation hearing held pursuant to 18 U.S.C. § 3583(e)(3); (2) the consequences, such as potential detention, which arise from a violation of supervised release flow from the original sentence imposed on the underlying conviction and do not amount to new punishment; (3) Section 3583(e)(3) directs the court to follow the applicable Federal Rules of Criminal Procedure which include Rule 32.1(a)(6), thus, whenever a defendant alleged to have violated his supervised release appears before the court for the violation, such a proceeding necessarily involves an individual who "has been found guilty of an offense" and is "awaiting imposition of sentence," as described in Section 3143(a)(1); (4) Congress intended for 18 U.S.C. §3143(a), in concert with Rule 32.1(a)(6), to provide the court with the appropriate authorization and procedures for use in making custody determinations regarding supervisees pending revocation hearings; and (5) no legal or logical justification exists to abrogate the well-settled procedure afforded in Rule 32.1, and that upon an initial appearance for an alleged supervised release violation, "pending further proceedings," the magistrate judge "may release or detain the

---

[4] The court in *Taylor* commented that *Mercado* appears to be the first decision within the Second Circuit, if not the country, to hold that neither 18 U.S.C. § 3143(a)(1) nor any other legislation enacted by Congress supplies the requisite Congressional authority — required under the Non-Detention Act, 18 U.S.C. § 4001(a) — to support detention pending a revocation hearing of a person charged with violating conditions of supervised release. *Taylor*, 2025 WL 1076826, at *1 n.2 (W.D.N.Y. Apr. 10, 2025).

person under 18 U.S.C. §3143(a)(1)." *See Taylor*, 2025 WL 1076826, at *3–10 (W.D.N.Y. Apr. 10, 2025); *see also* Fed. R. Crim. P. 32.1(a)(6).

**10. Conclusion.** For the foregoing reasons, the Government's motion to detain is **GRANTED-IN-PART**. The court finds that it has the authority to conduct a hearing to determine whether to release or detain the Defendant under 18 U.S.C. § 3143(a)(1), pending his revocation hearing. Fed. R. Crim. P. 32.1(a)(6). Therefore, the court will promptly schedule, under a separate order, a hearing on the Government's motion for detention, at which time the burden of establishing by clear and convincing evidence that the Defendant will not flee or pose a danger to any other person or to the community shall rest with the Defendant. Fed. R. Crim. P. 32.1(a)(6).

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE